1  JOSHUA H. LERNER, SBN 220755
   jlerner@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone: 415.393.8200
4  Facsimile:  415.393.8306

5  H. MARK LYON, SBN 162061
   mlyon@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
7  Palo Alto, CA  94304-1211
   Telephone: 650.849.5300
8  Facsimile:  650.849.5333

9  ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
10 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
11 Los Angeles, CA 90071-3197
   Telephone: 213.229.7000
12 Facsimile:  213.229.7520

13 *Attorneys for Apple Inc.*

**UNDER SEAL**

FILED
MAR 10 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

14           UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

VKD

CV20      80061MISC

17 APPLE INC., a California corporation,     | CASE NO.

18                Plaintiff,                  | **APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
19          v.
20 MASIMO CORPORATION,
   a Delaware corporation; and
21 CERCACOR LABORATORIES, INC.,               | [Related to Case Nos. 8:18-cv-02001-JVS-JDE (C.D. Cal. filed Nov. 8, 2018) and 8:20-cv-00048-JVS (JDEx) (C.D. Cal. filed Jan. 9, 2020)]
22 a Delaware Corporation.

23                Defendants.                 | Date:    TBD
                                              | Time:    TBD
24                                            | Crtrm:   TBD
                                              | Judge:   TBD

---

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

Gibson, Dunn & Crutcher LLP

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at a date and time to be determined by this Court, Apple Inc. ("Apple") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 26(c) and 45, for an order quashing the subpoena for the production of a deposition witness and documents served by Masimo Corporation ("Masimo") and Cercacor Laboratories, Inc. ("Cercacor") (collectively, "Plaintiffs") on Apple in connection with *Masimo Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE (the "True Wearables Case") and for a protective order. In the True Wearables Case, Plaintiffs allege that one of the defendants in the case, Marcelo Lamego, briefly worked at Apple before he formed True Wearables. But Plaintiffs' claims against Mr. Lamego and True Wearables in the True Wearables Case are not based on Mr. Lamego's conduct at Apple, for Apple, or on behalf of Apple. Plaintiffs' claims are based on Mr. Lamego's conduct while employed by Ceracor and in connection with the company he founded, True Wearables. Accordingly, Plaintiffs' subpoena to Apple is not designed to elicit discovery relevant to Plaintiffs' claims in, and proportional to the needs of, the True Wearables Case.

Indeed, Plaintiffs did not serve their subpoena on Apple until January 8, 2020—the *day before* it filed a *separate* lawsuit against Apple in the Central District of California (*Masimo Corp. et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal. filed Jan. 9, 2020) (the "Apple Case")). Although the subpoena was served in connection with the True Wearables Case, the subpoena on its face pertains to Plaintiffs' claims against Apple in the Apple Case. The timing of Plaintiffs' Apple subpoena and the manner in which the substance of the subpoena tracks their claims in the Apple Case is telling. Plaintiffs are trying to obtain discovery from Apple for the Apple Case *before* discovery in that case begins. The subpoena is an attempted end-run around Federal Rules of Civil Procedure 16 and 26, as well as California Code of Civil Procedure Section 2019.210. The subpoena also seeks sensitive and confidential information from Apple, even though, to the best of Apple's knowledge, a protective order has not been entered in either the True Wearables Case or the Apple Case.

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

Gibson, Dunn & Crutcher LLP

Apple respectfully requests that the Court quash the subpoena in its entirety and enter a protective order to prohibit Plaintiffs' discovery of the documents and testimony requested in the subpoena.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Joshua H. Lerner (the "Lerner Decl."), the filings in this action, and any other matters of which this Court may take judicial notice.

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 37-1, undersigned counsel certifies that the parties have conferred for the purpose of attempting to resolve all disputed issues. Counsel met and conferred telephonically on February 26, 2020, and March 5, 2020.

Dated:   March 10, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
ILISSA SAMPLIN
GIBSON, DUNN & CRUTCHER LLP

By: _____
　　　Joshua H. Lerner

*Attorneys for Apple Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

    A. Plaintiffs Filed the True Wearables Case Against Mr. Lamego and True Wearables. ............................................................................................................... 1

    B. Plaintiffs Served Apple with a Subpoena in the True Wearables Case One Day Before Filing the Apple Case. ................................................................................. 2

    C. Apple's Counsel Met and Conferred with Plaintiffs' Counsel About the Apple Subpoena. ................................................................................................................ 3

III. LEGAL STANDARD ......................................................................................................... 4

IV. ARGUMENT ...................................................................................................................... 5

    A. Plaintiffs Seek Discovery that Goes to the Heart of the Apple Case in Which They Are Not Yet Permitted to Propound Discovery. ............................................. 6

    B. The Information Sought in the Subpoena Is Neither Relevant Nor Proportionate to the True Wearables Case. .............................................................. 6

        1. The Documents and Testimony Requested from Apple Are Not Relevant to the True Wearables Case. ............................................................ 7

        2. The Documents and Testimony Requested from Apple Are Not Proportionate to the Needs of the True Wearables Case. ................................ 9

    C. Plaintiffs Are Not Entitled to Discovery from Apple in the Absence of a Section 2019.210 Disclosure. ................................................................................. 10

    D. Discovery Should Not Proceed Without an Acceptable Protective Order. ................ 11

V. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ATS Prod., Inc. v. Champion Fiberglass, Inc.*,
  309 F.R.D. 527 (N.D. Cal. 2015) ................................................................................................5

*Brescia v. Angelin*,
  172 Cal. App. 4th 133 (2009) ...................................................................................................10

*Compaq Comput. Corp. v. Packard Bell Elec., Inc.*,
  163 F.R.D. 329 (N.D. Cal. 1995) ................................................................................................5

*Comput. Econs., Inc. v. Gartner Grp., Inc.*
  50 F. Supp. 2d 980 (S.D. Cal. 1999) ........................................................................................10

*Dart Indus. Co. v. Westwood Chem. Co.*,
  649 F.2d 646 (9th Cir. 1980) ......................................................................................................4

*Gatan, Inc. v. Nion Co.*,
  No. 15-cv-01862-PJH, 2018 WL 2117379 (N.D. Cal. May 8, 2018) .......................................11

*Gilead Scis., Inc. v. Merck & Co, Inc.*,
  No. 5:13-cv-04057-BLF, 2016 WL 146574 (N.D. Cal. Jan. 13, 2016) ......................................6

*Goes Int'l, AB v. Dodur Ltd.*,
  No.14-cv-05666-LB, 2016 WL 427369 (N.D. Cal. Feb. 4, 2016) ..............................................7

*Gonzales v. Google, Inc.*,
  234 F.R.D. 674 (N.D. Cal. 2006) ................................................................................................4

*Haworth, Inc. v. Herman Miller, Inc.*,
  998 F.2d 975 (Fed. Cir. 1993) ....................................................................................................9

*Heilman v. Lyons*,
  No. 2:09–cv–2721 KJN P, 2010 WL 5168871 (E.D. Cal. Dec. 13, 2010) .................................9

*Loop AI Labs Inc. v. Gatti*,
  No. 15-cv-00798-HSG, 2015 WL 9269758 (N.D. Cal. Dec. 21, 2015) ....................................11

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*,
  No. SA CV 19-00220-JVS, 2019 WL 4284523 (C.D. Cal. June 11, 2019) ..............................11

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005) ................................................................................................9

*Nguyen v. LVNV Funding, LLC*,
  No. 15cv758-LAB, 2017 WL 951026 (S.D. Cal. Mar. 10, 2017) ...............................................5

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*Perlan Therapeutics, Inc. v. Superior Court*,
  178 Cal. App. 4th 1333 (2011)..................................................................................................10

*In re REMEC, Inc. Secs. Litig.*,
  No. 04cv1948 JLS, 2008 WL 2282647 (S.D. Cal. May 30, 2008).............................................8

*Soc. Apps, LLC v. Zynga, Inc.*,
  No. 4:11–CV–04910 YGR, 2012 WL 2203063 (N.D. Cal. June 14, 2012)...............................10

*Soto v. Castlerock Farming & Transp., Inc.*,
  282 F.R.D. 492 (E.D. Cal. 2012) .................................................................................................9

*United States v. Capriotti*,
  No. 1:11cv0847 DLB, 2012 WL 2994244 (E.D. Cal. July 20, 2012).........................................5

*Unsworth v. Musk*,
  No. 19-mc-80224-JSC, 2019 WL 5550060 (N.D. Cal. Oct. 28, 2019) ......................................5

*V5 Techs. v. Switch, Ltd.*,
  No. 2:17-cv-02349-KJD-NJK, 2019 WL 7489108 (D. Nev. Dec. 20, 2019) .............................5

*Waymo LLC v. Uber Techs., Inc.*,
  No. 17-cv-00939-WHA, 2017 WL 2929439 (N.D. Cal. July 7, 2017).......................................4

*Williams v. Cty. of San Diego*,
  No. 17-cv-00815-MMA, 2019 WL 5963969 (S.D. Cal. Nov. 13, 2019)................................5, 8

**Statutes**

Cal. Civ. Proc. Code § 2019.210...................................................................................................10

**Rules**

Fed. R. Civ. P. 26 .........................................................................................................4, 5, 6, 8, 9, 11

Fed. R. Civ. P. 45 ..................................................................................................................4, 5, 11

**Other Authorities**

Fed. R. Civ. P. 26 advisory committee notes (2015 amendments) .................................................7

Fed. R. Civ. P. 45 advisory committee note (1970 amendment) ....................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Apple asks the Court to quash a subpoena that Plaintiffs Masimo and Cercacor improperly served on Apple in an attempt avoid basic rules governing scheduling and discovery.

Plaintiffs served the subpoena at issue on Apple in connection with a long-pending case in the Central District against Marcelo Lamego and True Wearables. The subpoena, however, is a transparent attempt to obtain early discovery from Apple in a case that Plaintiffs recently filed against Apple. Indeed, the subpoena was served *one day* before Plaintiffs filed the Apple Case, and nearly one year after discovery began in the True Wearables Case. Furthermore, the subpoena's document requests and deposition topics are not relevant to the True Wearables Case, but on their face pertain to Plaintiffs' claims against Apple in the Apple Case.

Plaintiffs are not yet permitted to propound discovery in the Apple Case, and there is no authority to support Plaintiffs' attempt to expedite discovery in the Apple Case through a subpoena served in the True Wearables Case. To the contrary, the subpoena breaks the basic rules governing the sequence of discovery, including Federal Rules of Civil Procedure 16 and 26(f), the Apple Case court's Scheduling Order, and California Code of Civil Procedure Section 2019.210.

Apple respectfully requests that this Court quash the subpoena in full and enter a protective order prohibiting the deposition and document production sought in the subpoena entirely—to prevent Plaintiffs from accomplishing an end-run around the Federal Rules, the Apple Case court's Scheduling Order, and California Code of Civil Procedure Section 2019.210.

## II.  BACKGROUND

**A.  Plaintiffs Filed the True Wearables Case Against Mr. Lamego and True Wearables.**

Plaintiffs filed the True Wearables Case against Mr. Lamego and his company, True Wearables, on November 8, 2018, alleging claims of breach of contract, breach of fiduciary duty, trade secret misappropriation, and patent infringement. In the True Wearables Case, Plaintiffs allege that Mr. Lamego (i) acquired and wrongfully disclosed and used unspecified confidential and proprietary technical information, product plans, and manufacturing knowledge belonging to Plaintiffs in connection with True Wearables' development of the Oxxiom product, (ii) breached his

1

agreements with Plaintiffs by using and disclosing their confidential information for his benefit and the benefit of True Wearables, and (iii) breached his fiduciary duties to Cercacor by failing, while still employed by Cercacor, to pursue patent subject matter he was instructed to pursue. *See, e.g., Masimo Corp. et al. vs. True Wearables, Inc., et al.*, Case No. 8:18-cv-02001-JVS-JDE, Dkt. No. 42, First Am. Compl. ¶¶ 11, 49, 63, 80, 81, 95, 96, 105 ("True Wearables FAC").[1]

In their Complaint in the True Wearables Case, Plaintiffs allege that, following his roles at Masimo and Cercacor, Mr. Lamego worked at Apple for seven months before he founded True Wearables. *Id.* ¶¶ 35, 37, 38. However, Plaintiffs do not allege any claims against Mr. Lamego or True Wearables based on Mr. Lamego's seven months at Apple. The claims in the case do not concern Mr. Lamego's conduct for, on behalf of, or during his seven-month tenure at, Apple. And while Plaintiffs allege in the True Wearables Case that Apple recruited and pursued their employees, including Mr. Lamego, *see id.* ¶ 35, there are no claims asserted in the True Wearables Case based on that alleged conduct by Apple. Indeed, Apple is not a party to the True Wearables Case.

**B.   Plaintiffs Served Apple with a Subpoena in the True Wearables Case One Day Before Filing the Apple Case.**

On January 8, 2020, Plaintiffs served a subpoena on Apple in connection with the True Wearables Case, noticing a deposition and requesting the production of documents. The subpoena notices seven topics for deposition concerning Mr. Lamego's alleged "disclosures to Apple" about physiological parameter monitoring, Mr. Lamego's "contributions to Apple's marketing strategies" for the same, and Apple's communications with Mr. Lamego regarding his employment with Apple and his termination thereof. Lerner Decl. Ex. 1 (Subpoena) at Ex. A, p. 2. The eleven requests for production cover similar topics, including documents concerning Mr. Lamego's "disclosures to Apple" and "involvement in" and "contributions to" work for Apple. *Id.* at Ex. B, pp. 7–9.

On January 9, 2020, one day after serving the subpoena on Apple in connection with the True Wearables Case, Plaintiffs filed the Apple Case—alleging claims against Apple for patent infringement and trade secret misappropriation relating to physiological parameter monitoring in the

---

[1] In addition to the claims against Mr. Lamego, Plaintiffs have asserted six claims against True Wearables for patent infringement. True Wearables FAC ¶¶ 112–90.

1  Apple Watch. Plaintiffs allege, among other things, that Apple recruited Mr. Lamego—who had
2  been "taught about the keys to effective non-invasive monitoring" by Plaintiffs, which he then
3  disclosed to Apple. *Masimo Corp. et al. vs. Apple Inc.*, 8:20-cv-00048-JVS (JDEx), Dkt. No. 1,
4  Compl. ¶¶ 21, 23, 28 ("Apple Case Compl."). On February 28, 2020, Apple filed a notice of related
5  cases pursuant to Local Rule 83-1.3.1, identifying the True Wearables Case as related to the Apple
6  Case. The Apple Case, Dkt. No. 14. On March 4, 2020, Apple filed a motion to dismiss the Apple
7  Case. *Id.*, Dkt. No. 15. Also on March 4, the Central District transferred the Apple Case to Judge
8  James V. Selna, who is also presiding over the True Wearables Case.

9  Judge Carter, to whom the Apple Case was previously assigned, did not set a scheduling
10 conference pursuant to Federal Rule of Civil Procedure 16(b) before the Apple Case was reassigned.
11 Judge Selna, the judge now presiding over the Apple Case, has likewise not yet set a scheduling
12 conference. The parties therefore are not yet permitted to propound discovery in the Apple Case.

13 **C.  Apple's Counsel Met and Conferred with Plaintiffs' Counsel About the Apple**
14 **Subpoena.**

15 Counsel for Apple began conferring with Plaintiffs in the first half of January 2020. Lerner
16 Decl. ¶ 3 & Ex. 2. Apple thereafter repeatedly agreed to extend the meet and confer process—and to
17 extend the deadline to respond—because Plaintiffs were still collecting documents from the True
18 Wearable Defendants and had not deposed Mr. Lamego. *Id.*

19 On February 27, 2020, the parties met and conferred and again agreed to delay discussions
20 while Plaintiffs pursued discovery in the True Wearables case. *Id.* ¶ 4. Counsel agreed to meet and
21 confer on March 4 at 10:30 a.m. and to extend the deadline for Apple to object or otherwise respond
22 until March 6. *Id.* ¶ 4 & Ex. 2. On March 4, 2020, with no warning, Plaintiffs' counsel cancelled the
23 meet and confer. *Id.* Plaintiffs' counsel waited until after 8:45 p.m. that evening to respond to
24 repeated inquiries, and then suggested that the parties meet and confer late in the afternoon the day
25 before the deadline to object or otherwise respond. *Id.* Apple agreed to adjust to suit Plaintiffs'
26 counsel's schedule, but sought two business days to discuss the outcome of the meeting. *Id.*

27 Counsel met and conferred at 4:30 p.m. on March 5, 2020. *Id.* ¶ 5. Apple explained that
28 neither the document requests nor deposition topics are tied to the claims in the True Wearables Case.

3

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

*Id.* Plaintiffs' counsel responded that the allegations in the trade secret claim, particularly those asserted in paragraphs 82 and 83 of the True Wearables FAC, are broad, but conceded that these allegations are related to True Wearables, not Apple. *Id.* Rather than withdraw the subpoena, or wait to conduct discovery in the Apple Case, however, Plaintiffs' counsel insisted that Apple serve objections to the subpoena. *Id.* Apple asked that Plaintiffs reconsider their position and come back with a final position on March 6, 2020, but Apple did not hear from Plaintiffs on that date. *Id.*

On March 9, 2020, Apple followed up with a letter to Plaintiffs' counsel, reiterating its position that the subpoena is improper, and explaining its intention to file a motion to quash and for a protective order should Defendants not withdraw the subpoena by 2:00 p.m. on March 10, 2020. *Id.* ¶ 6 & Ex. 3. As of the time of filing of Apple's Motion, Plaintiffs have not responded to Apple's March 9, 2020 letter or withdrawn their subpoena. *Id.* ¶ 6.

### III. LEGAL STANDARD

The scope of civil discovery is not unlimited. A party may obtain discovery only insofar as it relates to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of permissible nonparty discovery under Rule 45 mirrors that of party discovery under Rule 26. *See* Fed. R. Civ. P. 45 advisory committee note (1970 amendment) ("[T]he scope of discovery through a subpoena is the same as that applicable to . . . other discovery rules."). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006) (citation omitted).

"'While discovery is a valuable right and should not be unnecessarily restricted . . . the "necessary" restriction may be broader when a nonparty is the target of discovery.'" *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA, 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017), *mot. for relief from judgment denied*, 2017 WL 6883928 (N.D. Cal. Aug. 8, 2017) (quoting *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)). The party issuing a subpoena must take "reasonable steps to avoid imposing undue burden or expense" on the subject. Fed. R. Civ. P. 45(d)(1).

If a subpoena seeks "disclosure of privileged or other protected matter" or "subjects a person to undue burden," the Court shall quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *ATS Prod., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) (citation omitted). However, "if the sought-after [information is] not relevant . . . then *any burden whatsoever* imposed . . . would be by definition 'undue.'" *Williams v. Cty. of San Diego*, No. 17-cv-00815-MMA, 2019 WL 5963969, at *3 (S.D. Cal. Nov. 13, 2019) (quoting *Compaq Comput. Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335–36 (N.D. Cal. 1995)) (emphasis in original). "[T]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Unsworth v. Musk*, No. 19-mc-80224-JSC, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019) (citation omitted).

"A non-party moving to quash a subpoena may also seek a protective order under Federal Rule of Civil Procedure 26." *Williams*, 2019 WL 5963969, at *4; *see also* Fed. R. Civ. P. 26(c) (providing that "[a] party or any person from whom discovery is sought may move for a protective order"). "The court may, for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). The court may also issue a protective order to prevent discovery that is irrelevant to any of the claims at issue. *See, e.g., V5 Techs. v. Switch, Ltd.*, No. 2:17-cv-02349-KJD-NJK, 2019 WL 7489108, at *5 n.9 (D. Nev. Dec. 20, 2019) ("[C]ourts may enter protective orders preventing irrelevant questioning at deposition."); *Nguyen v. LVNV Funding, LLC*, No. 15cv758-LAB, 2017 WL 951026, at *11 (S.D. Cal. Mar. 10, 2017) (declining to compel deposition testimony that was irrelevant and instead issuing a protective order); *United States v. Capriotti*, No. 1:11cv0847 DLB, 2012 WL 2994244, at *2 (E.D. Cal. July 20, 2012) (finding "good cause" for a protective order when "the proposed subject matter of the depositions is irrelevant to [the] proceeding").

## IV.  ARGUMENT

As set forth below, the subpoena is improper because: (A) it is designed for Plaintiffs' lawsuit against Apple in which they are not yet permitted to propound discovery; (B) it is not relevant

or proportionate to the claims in the True Wearables Case; (C) a Section 2019.210 trade secret disclosure has not yet been provided; and (D) a protective order has not yet been entered.

### A. Plaintiffs Seek Discovery that Goes to the Heart of the Apple Case in Which They Are Not Yet Permitted to Propound Discovery.

The subpoena Plaintiffs propounded on Apple in the True Wearables Case plainly was drafted based on Plaintiffs' claims asserted in the Apple Case filed the very next day. All of the subpoena's requests hinge on Mr. Lamego's alleged improper disclosures of Plaintiffs' confidential, trade secret information *to Apple*,[2] which is one of two asserted bases for the Apple Case (*see generally* Apple Case Compl. ¶¶ 20–28, 179–91 (alleging improper disclosure by Mr. Lamego and Mr. O'Reilly)). By contrast, Mr. Lamego's alleged improper disclosures to Apple are not at issue in the True Wearables Case—rather, at issue in the True Wearables Case is Mr. Lamego's conduct while still employed by Cercacor, as well as his conduct at, and disclosures to, True Wearables.

Under the plain terms of Federal Rule of Civil Procedure 26(d)(1), a party cannot seek formal discovery—including document productions and depositions—until *after* a Rule 26(f) conference has been conducted. Fed. R. Civ. P. 26(d)(1). And in the Apple Case in particular, this conference has not yet taken place. Judge Selna also has not yet set a scheduling conference in the Apple Case. Accordingly, it *is premature* for Plaintiffs to propound discovery in the Apple Case—yet, that is the obvious purpose of the subpoena that is the subject of this Motion.

### B. The Information Sought in the Subpoena Is Neither Relevant Nor Proportionate to the True Wearables Case.

Rule 26 is clear that discovery sought must be "relevant" to a "party's claim or defense." Fed. R. Civ. P. 26(b)(1). Courts therefore routinely reject discovery requests where the information sought "bear[s] no indication of any nexus to the disputes" in the case. *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *2 (N.D. Cal. Jan. 13, 2016). In addition to relevance, Rule 26 imposes a proportionality requirement—which creates a "collective

---

[2] *See* Lerner Decl. Ex. 1 (Subpoena) at Ex. A, p. 2 (Topics 1–6) (seeking testimony on Mr. Lamego's "disclosures to Apple" relating to various aspects of "physiological parameter monitoring" or Lamego's "contributions to Apple's marketing strategies" for the same); *id.* at Ex. B, pp. 7–9 (seeking documents pertaining to same).

1  responsibility" for "[t]he parties and the court . . . to consider the proportionality of all discovery and
2  consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015
3  amendments); *Goes Int'l, AB v. Dodur Ltd.*, No.14-cv-05666-LB, 2016 WL 427369, at *4 (N.D. Cal.
4  Feb. 4, 2016) (citing committee notes requiring that "parties . . . tailor their efforts to the needs of this
5  case"). In other words, any discovery request served by Plaintiffs in the True Wearables Case must
6  be relevant and proportionate to the needs of *that* particular case.

7  Plaintiffs cannot satisfy these relevance or proportionality requirements, which is fatal to their
8  subpoena.

### 1. The Documents and Testimony Requested from Apple Are Not Relevant to the True Wearables Case.

Given the subpoena's focus on the claims against Apple, it is no surprise that the subpoena calls for information that is not relevant to the True Wearables Case.

The scope of the subpoena makes clear that it was drafted and propounded for purposes of *the Apple Case*. For example, the subpoena's multiple requests for "[a]ll documents constituting, referring, or relating to Marcelo Lamego's disclosures to Apple regarding" various aspects of physiological parameter monitoring, *e.g.*, Lerner Decl. Ex. 1 (Subpoena) at Ex. B, pp. 7–8, are clearly designed to capture the discovery that Plaintiffs need to prosecute their trade secret claims against Apple in the Apple Case—where Apple is alleged to have misappropriated physiological parameter monitoring information confidential and proprietary to Plaintiffs that it received from, *inter alia*, Mr. Lamego, *see* Apple Case Compl. ¶¶ 20–28, 179–91.

In the True Wearables Amended Complaint, by contrast, *none* of the claims are based on Mr. Lamego's conduct at, for, or on behalf of, Apple:

- *See* True Wearables FAC ¶¶ 45–57 (First Cause of Action: Breach of Contract with Masimo By Lamego) (no mention of Apple);
- *Id.* ¶¶ 59–73 (Second Cause of Action: Breach of Contract with Cercacor By Lamego) (no mention of Apple);
- *Id.* ¶¶ 75–87 (Third Cause of Action: Trade Secret Misappropriation Under California's Uniform Trade Secret Law) (no mention of Apple);

- *Id.* ¶¶ 89–101 (Fourth Cause of Action: Trade Secret Misappropriation Under the Federal Defense of Trade Secrets Act) (no mention of Apple); and
- *Id.* ¶¶ 103–11 (Fifth Cause of Action: Breach of Fiduciary Duty of Undivided Loyalty Against Lamego) (no mention of Apple).

Thus, Mr. Lamego's disclosures to Apple, his involvement in Apple programs or projects, and his contributions to Apple during his seven-month tenure at the company—the focus of the subpoena—are not bases for any of Plaintiffs' claims against Mr. Lamego and True Wearables in the True Wearables Case. Plaintiffs admit as much in their True Wearables FAC. *See id.* ¶ 36 (alleging that Mr. Lamego engaged in pulse oximetry work "on his own *after leaving Apple*") (emphasis added). Rather, the claims in that case are based on Mr. Lamego's conduct while at Cercacor and his conduct at and on behalf of True Wearables. And nothing has occurred in the True Wearables Case to expand the claims in that case or otherwise necessitate broad discovery from Apple of the type sought by Plaintiffs' subpoena. Plaintiffs cannot satisfy the relevance requirement on these facts, which demonstrate that Plaintiffs are actually hoping to discover information that will help them develop, and prosecute, their Apple Case. *In re REMEC, Inc. Secs. Litig.*, No. 04cv1948 JLS, 2008 WL 2282647, at *2 (S.D. Cal. May 30, 2008) ("Parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."). Because there is no connection between the subpoena's deposition topics or discovery requests and Plaintiffs' claims in the True Wearables Case, the discovery propounded on Apple should be prohibited. *See Williams*, 2019 WL 5963969, at *8–10 (granting motion to quash deposition subpoena and for a protective order because discovery sought was not relevant); *see also* Fed. R. Civ. P. 26(b)(1) (a party is only entitled to discovery "regarding any nonprivileged matter that is *relevant* to any party's claim or defense") (emphasis added); Fed. R. Civ. P. 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").

### 2. The Documents and Testimony Requested from Apple Are Not Proportionate to the Needs of the True Wearables Case.

Rule 26's proportionality requirement considers, among other things, "the needs of the case, . . . the parties' relative access to relevant information," and "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). The "needs" of the True Wearables Case do not support Plaintiffs' subpoena to Apple because the case does not involve any claims of breach, misappropriation, or infringement, based on or relating to Apple. Nor do any of the other proportionality considerations of Rule 26 favor Plaintiffs.

Rather, the court "*must* limit" the discovery Plaintiffs seek here because, among other things, it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" than Apple. Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). That is, even if discovery concerning Mr. Lamego's disclosures to, involvement in programs and projects at, and contributions to Apple were relevant to the True Wearables Case (they are not), Plaintiffs have a *party* in the True Wearables Case with access to that information—Mr. Lamego. Plaintiffs should be required to exhaust all avenues of obtaining such information from Mr. Lamego *before* burdening Apple— including the noticed deposition of Mr. Lamego, which Apple was last informed has not yet occurred. *See, e.g., Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("[T]here is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests."); *Heilman v. Lyons*, No. 2:09–cv–2721 KJN P, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010) (same, citing cases); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (finding "undue burden" where "requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant rather than from [a] nonparty") (citing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming order requiring party to first obtain documents from opposing party rather than nonparty)).

The discovery Plaintiffs seek from Apple via their subpoena issued in the True Wearables Case is not relevant or proportionate to the needs of that case, but rather is on its face designed to elicit discovery of the type Plaintiffs need to prosecute their claims in the Apple Case. Plaintiffs are

blatantly seeking to misuse the nonparty subpoena process in the True Wearables Case to short-circuit requirements attendant to discovery in the Apple Case—requirements established by Rule 16, Rule 26(f), and any scheduling orders issued in that case—in an effort to prematurely obtain discovery from Apple.[3]  That the subpoena was served nearly one year after discovery began in the True Wearables Case and *the day before* Plaintiffs served the Apple Case underscores their motives.  Plaintiffs should not be permitted to bypass the Federal Rules or the current Initial Order and hijack the discovery process in the Apple Case through the True Wearables Case.

### C. Plaintiffs Are Not Entitled to Discovery from Apple in the Absence of a Section 2019.210 Disclosure.

This Court should quash the subpoena for the additional reason that Plaintiffs have not yet identified their purported trade secrets, let alone with the particularity required under Section 2019.210.

Section 2019.210 imposes on a trade secret plaintiff the burden to identify its alleged trade secrets with "reasonable particularity" *before* commencing trade-secret related discovery.  Cal. Civ. Proc. Code § 2019.210.  Section 2019.210 was enacted because the California Legislature "understood that plaintiffs in trade secret cases are often unable to identify any trade secrets," and that such claims are "especially prone to discovery abuse."  *Comput. Econs., Inc. v. Gartner Grp., Inc.* 50 F. Supp. 2d 980, 992 (S.D. Cal. 1999) (sustaining objections to insufficient trade secret disclosure).  By requiring a plaintiff to identify its trade secrets early and with particularity, Section 2019.210 "prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets" and "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope."  *Id.* at 985; *see also Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1343 (2011); *Brescia v. Angelin*, 172 Cal. App. 4th 133, 144 (2009).  District courts throughout California apply Section 2019 in trade secrets cases because it "assists the court and parties in defining the appropriate scope of discovery."  *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11–CV–04910 YGR, 2012 WL 2203063, at *2 (N.D. Cal. June

---

[3] Further underscoring the impropriety of Plaintiffs' attempt to circumvent the discovery rules here is the fact that the *same* attorneys from the *same* law firm represent Plaintiffs in both the True Wearables Case and the Apple Case.

10

APPLE INC.'S NOTICE OF MOTION AND MOTION TO
QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

14, 2012); *see also Gatan, Inc. v. Nion Co.*, No. 15-cv-01862-PJH, 2018 WL 2117379, at *4 (N.D. Cal. May 8, 2018) (applying Section 2019.210); *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015) (same); *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. SA CV 19-00220-JVS, 2019 WL 4284523, at *2 (C.D. Cal. June 11, 2019) (finding "the procedural requirements of Section 2019.210 are warranted and appropriate to assist in the orderly and expeditious handling of discovery").

It is completely improper for Plaintiffs to take discovery aimed at trade secret claims against Apple without first complying with Section 2019.210, and there can be no dispute that there has been no effort to do that here, presumably because discovery has not even begun in the Apple Case, as discussed above.

### D. Discovery Should Not Proceed Without an Acceptable Protective Order.

Finally, the subpoena is improper because it seeks confidential and sensitive documents and testimony from Apple in the absence of a protective order.

The topics noticed for deposition and the discovery requests contained in the subpoena implicate confidential information belonging to Apple, which it would not otherwise publicly disclose. This includes, for example, technical information that is confidential and proprietary to Apple (*see, e.g.*, Lerner Decl. Ex. 1, Topic Nos. 1, 3–6 & Request Nos. 1–3, 5–9), as well as confidential communications and agreements (*see, e.g., id.* Topic Nos. 2, 7 & Request Nos. 4, 10).

Yet, no protective order has been entered in either the True Wearables Case or the Apple Case. The Court therefore should quash the subpoena because it otherwise would require the production of confidential and sensitive information in the absence of an acceptable protective order. *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (court may quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information"); *see also* Fed. R. Civ. P. 26(c)(1)(G) (court may enter an order requiring that "confidential research, development, or commercial information not be revealed").

## V. CONCLUSION

For all of the foregoing reasons, Apple respectfully requests that the Court grant its motion to quash the subpoena in its entirety and enter a protective order prohibiting the deposition testimony and document discovery that Plaintiffs seek from Apple in connection with the True Wearables Case.

Dated: March 10, 2020

Respectfully submitted,

JOSHUA H. LERNER
H. MARK LYON
ILISSA SAMPLIN
GIBSON, DUNN & CRUTCHER LLP

By: _____
Joshua H. Lerner

*Attorneys for Apple Inc.*