1   JOSHUA H. LERNER, SBN 220755
      jlerner@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
3   San Francisco, CA 94105-0921
    Telephone: 415.393.8200
4   Facsimile:  415.393.8306

5   H. MARK LYON, SBN 162061
      mlyon@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Roads
7   Palo Alto, CA  94304-1211
    Telephone: 650.849.5300
8   Facsimile:  650.849.5333

9   ILISSA SAMPLIN, SBN 314018
      isamplin@gibsondunn.com
10  GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
11  Los Angeles, CA 90071-3197
    Telephone: 213.229.7000
12  Facsimile:  213.229.7520

13  *Attorneys for Apple Inc.*

**UNDER SEAL**

**FILED**

**MAR 10 2020**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  APPLE INC., a California Corporation,   CASE NO. CV20   80061 MISC VKD

18              Plaintiff,                  **DECLARATION OF JOSHUA H. LERNER
                                            IN SUPPORT OF APPLE INC.'S MOTION
19      v.                                  TO QUASH SUBPOENA AND FOR A
                                            PROTECTIVE ORDER**
20  MASIMO CORPORATION,
    a Delaware corporation; and             [Related to Case Nos. 8:18-cv-02001-JVS-JDE
21  CERCACOR LABORATORIES, INC.,            (C.D. Cal. filed Nov. 8, 2018) and 8:20-cv-
    a Delaware Corporation,                 00048-JVS (JDEx) (C.D. Cal. filed Jan. 9, 2020)]
22
                                            Date:   TBD
23              Defendants.                 Time:   TBD
                                            Crtrm:  TBD
24                                          Judge:  TBD

25

26

27

28

DECLARATION OF JOSHUA H. LERNER IN SUPPORT OF APPLE INC.'S
MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

1

## DECLARATION OF JOSHUA H. LERNER

2       I, Joshua H. Lerner, declare and state as follows:

3       1.      I am an attorney duly licensed to practice law before this Court and all courts of the

4  State of California.  I am an attorney with the law firm of Gibson, Dunn & Crutcher LLP

5  ("Gibson Dunn"), counsel of record for Apple Inc. ("Apple") in the above-entitled action.  I am one

6  of the attorneys primarily responsible for the representation of Apple in *Masimo Corp. et al. v. Apple*,

7  No. 8:20-cv-00048-DOC-DFM, (C.D. Cal., Jan. 9, 2020), and in this matter.  I make this declaration

8  in support of Apple's Motion to Quash Subpoena and for Protective Order ("the Motion").  I have

9  personal, firsthand knowledge of the facts stated herein and, if called upon to do so, could and would

10 competently testify thereto.

11      2.      On January 8, 2020, Plaintiffs served a subpoena on Apple in connection with *Masimo*

12 *Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE (the "True Wearables Case"),

13 noticing a deposition and requesting the production of documents.  Attached hereto as **Exhibit 1** is a

14 true and correct copy of the subpoena served by Plaintiffs in connection with the True Wearables

15 case on January 8, 2020.

16      3.      Counsel for Apple began conferring with Plaintiffs on January 14, 2020.  Apple

17 thereafter repeatedly agreed to extend the meet and confer process—and to extend the deadline to

18 respond—because Plaintiffs were still collecting documents from the True Wearable Defendants and

19 had not deposed Marcelo Lamego.  Attached hereto as **Exhibit 2** is a true and correct copy of

20 relevant email correspondence between the Parties from January 14 to March 5, 2020.

21      4.      On February 27, the Parties met and conferred and again agreed to delay discussions

22 while Plaintiffs pursued discovery in the True Wearables case.  Counsel  agreed to meet and confer

23 on March 4 at 10:30 a.m. and to extend the deadline for Apple to object or otherwise respond until

24 March 6. On March 4, with no warning, Plaintiffs' counsel cancelled the meet and confer.  Plaintiffs'

25 counsel waited until after 8:45 p.m. that evening to respond to repeated inquiries, and then suggested

26 that the Parties meet and confer late in the afternoon the day before the deadline to object or

27

28

1

Gibson, Dunn &
Crutcher LLP

1  otherwise respond.  Apple agreed to adjust to suit Plaintiffs' counsel's schedule, but sought two

2  business days to discuss the outcome of the meeting.

3        5.     Counsel met and conferred at 4:30 p.m. on March 5, 2020.  Apple explained that

4  neither the document requests nor deposition topics are tied to the claims in the True Wearables Case.

5  Plaintiffs' counsel responded that the allegations in the trade secret claim, particularly those asserted

6  in paragraphs 82 and 83 of the True Wearables First Amended Complaint, are broad, but conceded

7  that these allegations are related to True Wearables, not Apple.  Rather than withdraw the subpoena,

8  or wait to conduct discovery in the Apple Case, however, Plaintiffs' counsel insisted that Apple serve

9  objections to the subpoena.  Apple asked that Plaintiffs reconsider their position and come back with

10  a final position on March 6, 2020, but Apple did not hear from Plaintiffs on that date.

11        6.     On March 9, 2020, Apple followed up with a letter to Plaintiffs' counsel, reiterating its

12  position that the subpoena is improper, and explaining its intention to file a motion to quash and for a

13  protective order should Defendants not withdraw the subpoena by March 10, 2020.  Attached hereto

14  as **Exhibit 3** is a true and correct copy of the letter sent by Apple to Plaintiffs on March 9, 2020.  As

15  of the time of filing of Apple's Motion, Plaintiffs have not responded to Apple's March 9, 2020 letter

16  or withdrawn their subpoena.

17

18       I declare under penalty of perjury that the foregoing is true and correct.

19

20  DATE:  March 10, 2020

21

22                        By:  _____

23                             Joshua H. Lerner

24

25

26

27

28

2

DECLARATION OF JOSHUA H. LERNER IN SUPPORT OF APPLE INC.'S
MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

# Exhibit 1

 CT Corporation

**Service of Process Transmittal**
01/08/2020
CT Log Number 536938677

TO:     Ami Gomez
        Apple Inc.
        1 Infinite Loop, M/S 169-2NYJ
        Cupertino, CA 95014-2083

RE:     **Process Served in California**

FOR:    Apple Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Masimo Corporation and Cercacor Laboratories, Inc., Pltfs. vs. True Wearables, Inc. and Marcelo Lamego, Dfts. // To: Apple Inc. |
| **DOCUMENT(S) SERVED:** | Check, Subpoena, Proof(s), Attachment(s) |
| **COURT/AGENCY:** | Central District of California - U.S. District Court, CA<br>Case # 818CV02001JVSJDE |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to Marcelo Lamego |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/08/2020 at 11:27 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | 02/10/2020 at 10:00 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Brian C. Claassen<br>Knobbe, Martens, Olson & Bear LLP<br>2040 Main St., 14th Floor<br>Irvine, CA 92614<br>949-760-0404 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification, Ami Gomez  ami_r_gomez@apple.com |
| | Email Notification, Noreen Krall  nkrall@apple.com |
| | Email Notification, David Melaugh  melaugh@apple.com |
| | Email Notification, Colleen Brown  colleen_brown@apple.com |
| | Email Notification, DIANA LOOP  loop@apple.com |
| | Email Notification, Heather Moser  hmoser@apple.com |
| | Email Notification, Tim O'Neil  toneil@apple.com |
| | Email Notification, Charstie Wheelock  wheelock@apple.com |

Page 1 of  3 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
01/08/2020
CT Log Number 536938677

**TO:**    Ami Gomez
           Apple Inc.
           1 Infinite Loop, M/S 169-2NYJ
           Cupertino, CA 95014-2083

**RE:**    **Process Served in California**

**FOR:**   Apple Inc.  (Domestic State: CA)

Email Notification,  Erik Floyd  efloyd@apple.com

Email Notification,  Beth Kellermann  kellermann@apple.com

Email Notification,  Ryan Moran  rmoran@apple.com

Email Notification,  Jennifer Brown  jennifer_brown@apple.com

Email Notification,  Susan Guarino  sguarino@apple.com

Email Notification,  Andrew Farthing  afarthing@apple.com

Email Notification,  Scott Murray  scott_murray@apple.com

Email Notification,  Pami Vyas  pvyas@apple.com

Email Notification,  Kim Moore  kim_moore@apple.com

Email Notification,  Lisa Olle  olle@apple.com

Email Notification,  Victoria Nakaahiki  victoria_nakaahiki@apple.com

Email Notification,  Maya Kumar  maya_kumar@apple.com

Email Notification,  Phil Rawlinson  prawlinson@apple.com

Email Notification,  Jessica Hannah  jessica_hannah@apple.com

Email Notification,  Kate Kaso-Howard  kkasohoward@apple.com

Email Notification,  Marc Breverman  mbreverman@apple.com

Email Notification,  STEPHANIE FINE  stephanie_fine@apple.com

Email Notification,  AMY HANDLER  ahandler@apple.com

Email Notification,  GABE ZELDIN  gzeldin@apple.com

Email Notification,  BENJAMIN HUH  bhuh@apple.com

Email Notification,  AARON HUANG  aaron_y_huang@apple.com

Email Notification,  JAMES WILEY, JR.  jwileyjr@apple.com

Email Notification,  JESSE KOEHLER  jesse_koehler@apple.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
01/08/2020
CT Log Number 536938677

**TO:** Ami Gomez
Apple Inc.
1 Infinite Loop, M/S 169-2NYJ
Cupertino, CA 95014-2083

**RE:** **Process Served in California**

**FOR:** Apple Inc.  (Domestic State: CA)

Email Notification,  Andrew Stein  andrew_stein@apple.com

Email Notification,  Matt Clements  matthew_clements@apple.com

Email Notification,  NATALIE POUS  npous@apple.com

Email Notification,  ELVIS HOWARD  elvis_howard@apple.com

Email Notification,  TIFFANIE ROSE  tiffanie_rose@apple.com

Email Notification,  Sally Zenith  zenith@apple.com

Email Notification,  HENRY CORNILIE  hcornillie@apple.com

Email Notification,  MARA LUDMER  mludmer@apple.com

**SIGNED:** C T Corporation System
**ADDRESS:** 1999 Bryan St Ste 900
Dallas, TX 75201-3140

**For Questions:** 877-564-7529
MajorAccountTeam2@wolterskluwer.com

Page 3 of  3 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MADDEN CORPORATION
DBA PROLEGAL
733 W TAFT AVE
ORANGE, CA 92865-4229

2996

16-24/1220 4515

DATE 1/8/20

PAY
TO THE
ORDER OF   Apple Inc.                                                    $ 91.62

Ninety One and Sixty two                                                    DOLLARS

WELLS FARGO
Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR Knobbe (22562)Macia/

⑈000000 2996⑈  ⑆1220002471⑆  9234407915⑈

1|8|20
9:20 Am

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| Masimo Corporation and Cercacor Laboratories, Inc. | ) |
| *Plaintiffs* | ) |
| v. | ) Civil Action No.   8:18-cv-02001-JVS-JDE |
| True Wearables, Inc. and Marcelo Lamego | ) |
| | ) |
| *Defendants* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Apple Inc.
One Apple Park Way, Cupertino CA 95014
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Please see Exhibit A Attached for Topics.

| Place: Knobbe, Martens, Olson & Bear LLP 333 Bush Street, Suite 2100 San Francisco, CA 94104 | Date and Time: 02/10/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic, audio, video and/or real-time computer means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Exhibit B attached. You are instructed to produce the documents by January 28, 2020 to the attention of Nicholas Belair at KNOBBE, MARTENS, OLSON & BEAR LLP, 333 Bush Street, Suite 2100, San Francisco, CA 94104.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/07/2020

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Brian C. Claassen |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Masimo Corporation and Cercacor Laboratories, Inc.                  , who issues or requests this subpoena, are:
Brian C. Claassen, Knobbe, Martens, Olson & Bear LLP, 2040 Main St., 14th Floor, Irvine CA 92614 (949) 760-0404

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  8:18-cv-02001-JVS-JDE

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ . _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                       *Server's signature*

                                                   _____
                                                       *Printed name and title*

                                                   _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**EXHIBIT A**

A.     The term "Masimo" shall mean Masimo Corporation and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

B.     The term "Cercacor" shall mean Cercacor Laboratories, Inc. and shall include any predecessor in interest, successor, subsidiary, affiliate, and/or division.

C.     The term "Plaintiffs" shall mean Masimo and Cercacor, collectively and/or individually.

D.     The term "Lamego," shall mean and include the following individual, Marcelo Lamego, and any present or former principal, officer, director, employee, former employee, servant, agent, attorney, or other representative acting on behalf of Defendant Marcelo Lamego.

E.     The term "True Wearables" shall mean True Wearables, Inc. and any present or former principal, officer, director, employee, former employee, servant, agent, attorney, or other representative acting on its behalf, and shall include any parent, subsidiary, division, predecessor, successor, or affiliate.

F.     The terms "Defendants," "You," and "Your" shall mean Lamego and True Wearables, collectively and/or individually.

G.     The terms "Oxxiom" or "Accused Product" shall mean True Wearables, Inc.'s hardware and/or iOS software application pulse oximeter product that, among other things, tracks oxygen saturation ($SpO_2$), pulse rate (PR) and perfusion index (PI).

H.     The term "Masimo Asserted Patents" shall mean, individually and collectively: U.S. Patent Nos. 7,186,966 ("the '966 patent"), 7,295,866 ("the '866 patent"), 8,886,271 ("the '271 patent"), 8,983,564 ("the '564 patent"), 10,194,847 ("the '847 patent"), and 10,194,848 ("the '848 patent"), and any other patents that Masimo asserts in this litigation.

**DEPOSITION TOPICS**

**TOPIC NO. 1:**

Marcelo Lamego's involvement in, and technical disclosures to Apple regarding, physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 2:**

Marcelo Lamego's contributions to Apple's marketing strategies for physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 3:**

Marcelo Lamego's disclosures to Apple relating to light piping reduction in physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 4:**

Marcelo Lamego's disclosures to Apple relating to the weighting and relative importance of separate calculation techniques for non-invasive measurement of blood parameters

**TOPIC NO. 5:**

Marcelo Lamego's disclosures to Apple relating to physiological parameter buffers during measurements in physiological parameter monitoring, such as pulse oximetry and pulse rate monitoring.

**TOPIC NO. 6:**

Marcelo Lamego's involvement in and disclosures to Apple regarding technical aspects of light emission and detection.

**TOPIC NO. 7:**

Apple's communications with Marcelo Lamego concerning Mr. Lamego's employment with Apple and termination thereof.

-2-

# EXHIBIT B

## EXHIBIT B

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, and in accordance with the following definitions and instructions, Plaintiffs request that Apple Inc. produce the documents and things identified in the requests for production below.

## DEFINITIONS

1.     The term "documents" is used in the broadest sense possible under Rule 34 of the Federal Rules of Civil Procedure, and includes all written or graphic matter, however produced or reproduced, including, but not limited to, originals (or copies where originals are unavailable) of correspondence, electronic mail, computer storage media (including, but not limited to, all active, inactive, and archived data files stored on hard drives, operating systems, software, floppy disks, magnetic tapes, zip drives, CD-ROMS, mainframe computers, desktop computers, home computers, laptops, mobile handheld devices, retired computer systems or any other storage medium), computer software needed to produce in human-readable form data from said computer storage media, instructions for using said computer software, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of directors or committee meetings, memoranda, inter-office communications, studies, analyses, reports, engineering drawings, results of investigations, catalogs, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, charge slips, freight bills, time sheets or logs, stenographers' notebooks, diaries, or papers similar to any of the foregoing, however denominated.

2.     The terms "communication" or "communications" mean any communication regardless of the manner in which the communication(s) took place, including, but not limited to, face-to-face conversations, correspondence,

electronic or computer mail, telephone calls, facsimile communications, or telegrams.

3.    The terms "describe," "described" or "description" when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident or event, means provide any or all of the following information (to the extent it is available to you): its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of, and what transpired as a part thereof; the identity of each person who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness) or who has any knowledge thereof together with a description of each person's function, role, or knowledge; the identity of each document which refers thereto or which was used, referred to, or prepared in the course or as a result thereof; and identification of each communication which was a part thereof or referred thereto.  When used in connection with any evaluation, calculation, or computation, the terms "describe," "described" or "description" mean provide any or all the following information: an explanation of its meaning; an explanation of the manner in which it was derived; the identity of each person who performed any function with respect thereto and a description of his or her function; the identity of each document which refers thereto or which was used, referred to, or prepared in the course of or as a result thereof; and the identity of each communication which occurred in the course of the preparation thereof or which referred thereto.

4.    The term "you," "your," and "Apple" means Apple Inc., and its associated entities (including subsidiaries and affiliates), companies acquired by Apple Inc. or, employees, agents, partners, attorneys, and representatives.

5.     The terms "person," "individual," and "entity" shall include natural persons, corporations, and other legal or business entities, whether or not in your employ, and the acts and knowledge of a person, individual or entity are defined to include the acts and knowledge of that person's, individual's, or entity's directors, officers, members, employees, representatives, agents, and attorneys.

6.     The singular form of any noun or pronoun used herein includes within its meaning the plural form thereof and vice versa; the neuter, masculine or feminine form of any pronoun used herein includes within its meaning the neuter, masculine and feminine forms; and the use herein of any tense of any verb includes within its meaning all other tenses of the verb.  In every such instance, the specific request shall be construed in the broadest sense so as to call for the most complete and inclusive answer.

7.     The terms "and" and "or" shall be construed both conjunctively and disjunctively, and the plural shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of these requests for production all documents that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1.     You are to produce every document and thing requested that is in your possession, custody, or control, or within the possession, custody, or control of any employees, agents, consultants, attorneys, and/or any other persons acting or purporting to act on your behalf.

2.     If you have any good faith objection to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated.  If there is an objection to any part of a request, then the part objected to should be identified and documents responsive to the remaining unobjectionable part should be produced.

3.     Each request shall be answered separately.

4.     Each request shall be answered on the basis of your entire

-5-

knowledge, from all sources.

5.     For each document and thing requested herein that you withhold or redact under a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, you shall provide an explanation of the basis for the claim, including:

     a.  the date of the document;

     b.  the type of document (e.g., letter, memorandum, etc.);

     c.  the name and title of any and all authors or senders and any and all addressees and copy recipients of the document and any and all persons to whom the document was shown or to whom its subject matter was disclosed;

     d.  the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document or in whose name the document was prepared;

     e.  the subject matter of the document;

     f.  the REQUEST FOR PRODUCTION to which the document is responsive; and

     g.  a statement of the basis upon which the document has been redacted or withheld, including the specific nature of the privilege or exemption claimed and the detailed grounds for claiming such

6.     For any document requested herein that has been destroyed or misplaced, you shall provide the information described in paragraphs 5(a)-(e) above, as well as a brief explanation of the circumstances (when, how, by whom, and why) surrounding the document's destruction or loss, and any and all records pertaining to its destruction or loss.

7.     If you or your attorneys know of the existence, past or present, of any document described in a request, but such document is not presently in your possession, custody, or control or in the possession, custody, or control of its

agents, representatives, or attorneys, you shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside.

8.    Documents shall be produced as they are maintained in the normal course of business, including:

        a. all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file, and each file shall be identified as to its owner or custodian;

        b. all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; and

        c. each page shall be given a discrete production number.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show Marcelo Lamego's involvement in any Apple program or project relating to physiological parameter monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

**REQUEST FOR PRODUCTION NO. 2:**

All documents constituting, referring, or relating to Marcelo Lamego's technical disclosures to Apple relating to physiological parameter monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

**REQUEST FOR PRODUCTION NO. 3:**

All documents generated in whole or in part by Marcelo Lamego while employed at Apple and relating to physiological parameter monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Marcelo Lamego's contributions to Apple's marketing strategies relating to physiological parameter monitoring, including but

1   not limited to pulse oximetry and pulse rate monitoring.

2   **REQUEST FOR PRODUCTION NO. 5:**

3   All documents constituting, referring, or relating to Marcelo Lamego's

4   disclosures to Apple regarding light piping reduction in physiological parameter

5   monitoring, including but not limited to pulse oximetry and pulse rate monitoring.

6   **REQUEST FOR PRODUCTION NO. 6:**

7   All documents constituting, referring, or relating to Marcelo Lamego's

8   disclosures to Apple regarding the weighting and relative importance of separate

9   calculation techniques for non-invasive measurement of blood parameters.

10  **REQUEST FOR PRODUCTION NO. 7:**

11  All documents constituting, referring, or relating to Marcelo Lamego's

12  disclosures to Apple regarding physiological parameter buffers during

13  measurements of physiological parameters in physiological parameter monitoring,

14  including but not limited to pulse oximetry and pulse rate monitoring.

15  **REQUEST FOR PRODUCTION NO. 8:**

16  Documents sufficient to show Marcelo Lamego's involvement in any Apple

17  program or project relating to the technical aspects of light emission and detection

18  **REQUEST FOR PRODUCTION NO. 9:**

19  All documents constituting, referring, or relating to Marcelo Lamego's

20  disclosures to Apple regarding the technical aspects of light emission and

21  detection.

22  **REQUEST FOR PRODUCTION NO. 10:**

23  All communications with Marcelo Lamego regarding his employment at

24  Apple, including his recruitment and termination.

25

26  ///

27  ///

28  ///

**REQUEST FOR PRODUCTION NO. 11:**

All agreements between Marcelo Lamego and Apple concerning his employment by Apple, including but not limited to employment agreements, assignment agreements, confidentiality agreements, separation or termination agreements.

Exhibit 2

| | |
|---|---|
| **From:** | Lerner, Joshua H. |
| **To:** | Irfan.Lateef; Hannah Cannom |
| **Cc:** | Samplin, Ilissa |
| **Subject:** | RE: Masimo v. TrueWearables - Apple TPS |
| **Date:** | Thursday, March 5, 2020 8:16:10 AM |

Hi Irfan,  Following up on this so we can work with your schedule.  Thanks, Josh

**Joshua H. Lerner**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Wednesday, March 4, 2020 9:07 PM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>; 'Hannah Cannom' <hcannom@wscllp.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Irfan,  We are happy to work with your schedule assuming we agree to move the deadline for us to object or otherwise respond until Tuesday (so that, as originally scheduled, we can have a few days to follow up with our client if necessary).  Thanks.

**Joshua H. Lerner**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Irfan.Lateef <irfan.lateef@knobbe.com>
**Sent:** Wednesday, March 4, 2020 8:51 PM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Hannah Cannom <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

[External Email]
Hi Josh,

Sorry for the delayed response.  I can talk tomorrow late afternoon if that works?

Irfan

**From:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Sent:** Wednesday, March 4, 2020 16:47
**To:** Irfan.Lateef@knobbe.com>; Hannah Cannom <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Hi Irfan,  I'm assuming you're busy, but I would like to nail this down.  If you need to, should we move this a week (talk next Wednesday and object or respond by next Friday)?  Please let us know.  Best, Josh

**Joshua H. Lerner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Wednesday, March 4, 2020 12:10 PM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>; 'Hannah Cannom' <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Hi Irfan,  Just following up on this.  Thanks, Josh

**Joshua H. Lerner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Wednesday, March 4, 2020 9:25 AM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>; Hannah Cannom <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>

**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Irfan,

We just received a notification that you declined the calendar invite for the meet and confer.  Are you available at another time today?

Thanks, Josh

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Irfan.Lateef <irfan.lateef@knobbe.com>
**Sent:** Thursday, February 27, 2020 6:16 PM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Hannah Cannom <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

[External Email]
Sorry for the delay.  Yes, this works.

Thanks,
Irfan

**From:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Sent:** Thursday, February 27, 2020 17:22
**To:** Irfan.Lateef <irfan.lateef@knobbe.com>; Hannah Cannom <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Irfan,  Sorry for pestering, but does this work for you?  I need to lock down.  Thanks.

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 · Fax +1 415.374.8499
JLerner@gibsondunn.com · www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Thursday, February 27, 2020 1:28 PM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>; 'Hannah Cannom' <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

And sorry but before my schedule changes, does 10:30 a.m. PST on Wed work for you?
Thanks.

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 · Fax +1 415.374.8499
JLerner@gibsondunn.com · www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Thursday, February 27, 2020 1:16 PM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>; Hannah Cannom <hcannom@wscllp.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Irfan:

Thanks for the productive call yesterday.  I'm confirming that we will put off the deadline for Apple to object or otherwise respond until March 6 and to confer again on March 4.  Please let us know if any other questions or comments; otherwise let us know when is good for you next Wednesday.

Thanks,  Josh

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 · Fax +1 415.374.8499

JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Irfan.Lateef <irfan.lateef@knobbe.com>
**Sent:** Tuesday, February 25, 2020 3:13 PM
**To:** Hannah Cannom <hcannom@wscllp.com>; Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

[External Email]
Hi,

Sorry for the delay on this.  I am free tomorrow afternoon after 2:30pm.  Let me know if that works.

Thanks,
Irfan

**From:** Hannah Cannom <hcannom@wscllp.com>
**Sent:** Tuesday, February 25, 2020 15:07
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>; Irfan.Lateef <irfan.lateef@knobbe.com>
**Cc:** Morrisson, Haley S. <HMorrisson@gibsondunn.com>
**Subject:** Re: Masimo v. TrueWearables - Apple TPS

I'm free tomorrow after 10:30am PT.

**Hannah Cannom**
**Walker Stevens Cannom LLP**
(213) 337-9972 | hcannom@wscllp.com

**From:** "Lerner, Joshua H." <JLerner@gibsondunn.com>
**Date:** Tuesday, February 25, 2020 at 2:01 PM
**To:** "Irfan.Lateef" <irfan.lateef@knobbe.com>
**Cc:** Hannah Cannom <hcannom@wscllp.com>, "Morrisson, Haley S."
<HMorrisson@gibsondunn.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Hi Irfan,  My afternoon is now filling up so I'm following up on this – if you cannot speak later today, does tomorrow morning work for everyone?  Thanks, Josh

**Joshua H. Lerner**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Monday, February 24, 2020 5:32 PM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>
**Cc:** 'Hannah Cannom' <hcannom@wscllp.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Hi Irfan,  Just following up on this.  Thank you.

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Lerner, Joshua H.
**Sent:** Friday, February 21, 2020 10:54 AM
**To:** 'Irfan.Lateef' <irfan.lateef@knobbe.com>
**Cc:** 'Hannah Cannom' <hcannom@wscllp.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

Hi Irfan,  Does after 3:30 PST work for you?  Best, Josh

**Joshua H. Lerner**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

**From:** Irfan.Lateef <irfan.lateef@knobbe.com>
**Sent:** Wednesday, February 19, 2020 6:22 PM
**To:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Cc:** Hannah Cannom <hcannom@wscllp.com>
**Subject:** RE: Masimo v. TrueWearables - Apple TPS

[External Email]
Hi Josh,

Nice to meet you as well.  An extension is no problem.  Let's extend the deadline to February 28.
Would the afternoon of February 25 (Tuesday) work for both of you for a call?

Thanks,
Irfan

**From:** Lerner, Joshua H. <JLerner@gibsondunn.com>
**Sent:** Wednesday, February 19, 2020 18:14
**To:** Irfan.Lateef <irfan.lateef@knobbe.com>
**Cc:** Hannah Cannom <hcannom@wscllp.com>
**Subject:** FW: Masimo v. TrueWearables - Apple TPS

Hi Irfan,

Nice to meet you by email.  As you may have heard, we are representing Apple in the recently
filed case by Masimo and therefore are working with Hannah on this.  We wanted to reach out
to seek an extension of the deadline below for an additional week during which all of us can
get on a call.  If that works, I'm available this week and next – just let us know what works
best for you.

Best, Josh

**Joshua H. Lerner**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street Suite 3000, San Francisco, CA 94105-0921
Tel +1 415.393.8254 • Fax +1 415.374.8499
JLerner@gibsondunn.com • www.gibsondunn.com

---

**From:** Hannah Cannom < >
**Date:** Thursday, February 6, 2020 at 2:03 PM
**To:** bstevens <bstevens@wscllp.com>, "" <irfan.lateef@knobbe.com>
**Subject:** Re: Masimo v. TrueWearables - Apple TPS

Irfan,

Thanks for the quick call this afternoon. As discussed, we agreed to further extend the deadline for
Apple to object or otherwise respond to the subpoena to February 20, 2020.

We'll reach out next week for a further update, but please let me know if you would like to discuss in the interim.

Best,
Hannah

**Hannah Cannom**
**Walker Stevens Cannom LLP**
(213) 337-9972 | hcannom@wscllp.com

---

**From:** bstevens <bstevens@wscllp.com>
**Date:** Friday, January 24, 2020 at 3:09 PM
**To:** "irfan.lateef@knobbe.com" <irfan.lateef@knobbe.com>
**Cc:** Hannah Cannom <hcannom@wscllp.com>
**Subject:** Re: Masimo v. TrueWearables - Apple TPS

Irfan,
Thanks for the follow-up call this afternoon. As discussed, I'm writing to confirm our agreement to further extend the time for Apple to object or otherwise respond to the subpoena to February 10, 2020.
We will touch base for a further update either late next week or early the following.
Best,
Bethany

**Bethany Stevens**
**Walker Stevens Cannom LLP**
(213) 337-4551 | bstevens@wscllp.com

---

**From:** Hannah Cannom <hcannom@wscllp.com>
**Date:** Tuesday, January 14, 2020 at 5:03 PM
**To:** "irfan.lateef@knobbe.com" <irfan.lateef@knobbe.com>
**Cc:** Bethany Stevens <bstevens@wscllp.com>, Hannah Cannom <hcannom@wscllp.com>
**Subject:** Masimo v. TrueWearables - Apple TPS

Irfan,

Thanks for taking the time to speak with us today. As discussed, Apple's deadline to object or otherwise respond to the subpoena is extended up to and including January 30, 2020. Please be in touch in the interim as your case schedule takes shape.

Best,

Hannah

**Hannah Cannom**
**Walker Stevens Cannom LLP**
(213) 337-9972 | hcannom@wscllp.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Exhibit 3

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Joshua H. Lerner
Direct: +1 415.393.8254
Fax: +1 415.374.8499
JLerner@gibsondunn.com

March 9, 2020

VIA EMAIL (IRFAN.LATEEF@KNOBBE.COM)

Irfan Lateef
Knobbe, Martens, Olson & Bear LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614

Re:   *Masimo Corp. et al. v. True Wearables Inc. et al.*, No. 8:18-cv-02001-JVS-JDE

Dear Irfan:

I write to follow up on our meet and confer on Thursday March 5, 2020 regarding the reasons why the non-party subpoena served on Apple Inc. ("Apple") in this matter is improper and should be withdrawn entirely.  We did not hear back from you on Friday March 6, 2020, as the parties discussed, regarding your final position.  If the subpoena is not withdrawn, Apple is prepared to move to quash and for a protective order for the reasons set forth below.

*First*, Plaintiffs served the subpoena the *day before* it filed an action against Apple for patent infringement and trade secret misappropriation.  *See Masimo Corp. et al. v. Apple, Inc.*, No. 8:20-cv-00048-JVS (JDEx) (C.D. Cal. filed Jan. 9, 2020) (the "Apple Case").  Whereas this case (the "True Wearables Case") is focused on Mr. Lamego and his company—and does not require discovery from Apple—the subpoena on its face goes to the claims that Plaintiffs are now pursuing against Apple in the Apple Case.  Indeed, during our telephonic meet and confer on March 5, 2020, you seemed to acknowledge that the trade secret misappropriation alleged in the First Amended Complaint in this case pertains to True Wearables, and not to Apple.  Therefore, Plaintiffs' subpoena appears to be a transparent attempt to obtain discovery before the Court has even issued a scheduling order in the Apple Case.  As you know, the Initial Standing Order entered in the Apple Case by then-presiding Judge Carter states that "[p]ursuant to Rule 16(b), the Court will set a scheduling conference and issue a scheduling order in each case," and Judge Carter had not yet done so.  Additionally, the Court transferred the Apple Case to Judge Selna on March 4, 2020, and Judge Selna has not entered an Initial Order, much less set a scheduling conference or issued a scheduling order.  It is improper for Plaintiffs to have sought to bypass the current Initial Order and Federal Rule of Civil Procedure 26(d)'s mandate that no discovery be served prior to the Rule 26(f) conference by pursuing discovery against Apple over two months before such discovery may

# GIBSON DUNN

Irfan Lateef
March 9, 2020
Page 2

be authorized or commenced, when such discovery is so obviously intended to be used for purposes of the Apple Case.

*Second*, Plaintiffs have not defined their trade secrets in the Apple Case with sufficient particularity.  Under California Code of Civil Procedure Section 2019.210 ("Section 2019"), a "party alleging the misappropriation" may not even "commenc[e] discovery relating to the trade secret" in "any action alleging the misappropriation" without first "identify[ing] the trade secret with reasonable particularity."  Cal. Code Civ. Proc. § 2019.210; *see M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, 2019 WL 4284523, at *2 (C.D. Cal. June 11, 2019) ("[U]nder the particular facts of this case, the procedural requirements of Section 2019.210 are warranted and appropriate to assist in the orderly and expeditious handling of discovery."); *Soc. Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012) (applying Section 2019.210 because it "assists the court and parties in defining the appropriate scope of discovery").

*Third*, it would be inappropriate to proceed with the subpoena because no protective order is in place.  The topics noticed for deposition and the requests for production in the subpoena implicate Apple's highly sensitive, confidential information.  Apple will not disclose such information without a protective order in place.

If we do not hear back from you before 2:00 p.m. PST on the agreed-upon deadline for us to object or otherwise respond (Tuesday, March 10), we will move to quash and for a protective order.

Sincerely,

Joshua H. Lerner